# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROY R. BURRIS AND JENNIFER BURRIS, | ) ) |
|     Plaintiffs, | ) ) |
| v. | )   CIV-16-120-R ) |
| OCWEN LOAN SERVICING, LLC, | ) ) |
|     Defendants. | ) |

## ORDER

This matter comes before the Court on the Motion to Remand (Doc. No. 9), filed by Plaintiffs. Defendant Ocwen Loan Servicing responded in opposition to the motion. Having considered the parties' submissions, the Court finds as follows.

Defendant removed this action from the District Court of Oklahoma County on February 11, 2016, asserting the existence of both federal question and diversity jurisdiction. Plaintiffs filed the instant motion asserting that Defendant's Notice of Removal fails to establish the requisite amount in controversy so as to support the Court's exercise of jurisdiction under 28 U.S.C. § 1332 and that they are not pressing federal claims, and therefore 28 U.S.C. § 1331 is not applicable. Accordingly, Plaintiffs request remand of this matter.

Plaintiffs allege that they assumed a promissory note and mortgage in 1986, with a principal of $74,650, to be paid back in monthly installments over a thirty-year period at a rate of 10.5%. In 1992, the Note was assigned to HUD. In 1997, Plaintiff's sought protection under Chapter 7 of the United States Bankruptcy Code. During that same time

period, specifically in August 1997, their Note was assigned by HUD to Defendant's predecessor. In September 1997, Plaintiffs executed a reaffirmation agreement in conjunction with their bankruptcy, agreeing to pay $740.00 per month until repayment was complete, to be accomplished in April 2016. The reaffirmation agreement did not include any provisions for repayment of late interest. Plaintiffs allege that upon requesting payoff information in December 2014, they became aware that Defendant had not been posting their payments in accordance with the terms of the Note. The payoff statement indicated principal due in the amount of $41,313.86, including certain expenses that Plaintiffs contend are not permissible, and an interest arrearage balance of $6,432.54. A subsequently provided detailed statement, which included history from August 1, 1997, indicated a starting principal of $72,094, with interest arrearage of $18,015.16. The interest arrears were listed as $0.00 on September 1, 1997, but on January 1, 2001, the arrearage was reflected as $9,007.53. Plaintiffs contend, however, no payments were missed after execution of the forbearance agreement, which made no provision for interest arrearage.[1] Plaintiffs allege that in 2007 they were forced to sign a forbearance agreement, facing threat of foreclosure by Defendant, for interest they contend they did not owe. As a result, Plaintiffs alleges they were coerced into agreeing to pay $8,326.38 in addition to the remaining principal on the Note and to signing a forbearance agreement. Plaintiffs are pursuing relief under theories of breach of contract, tortious breach of contract, negligence, fraud, and unjust enrichment. They also seek rescission of

---

[1] Plaintiffs indicate no claim was filed by the Note holder at the time of their bankruptcy with regard to allegedly past due interest.

the forbearance agreement and an accounting. They seek rescission of the forbearance agreement asserting that Defendant misapplied various mortgage payments to erroneously assessed interest arrearages and fees not supported by their Note and Mortgage, or their Reaffirmation Agreement. Plaintiffs seek punitive damages as well as actual damages. They contend with regard to various claims that they seek in excess of $10,000 in damages.[2]

A defendant in a state court civil action may remove it to federal court if the plaintiffs originally could have filed the action in federal court. 28 U.S.C. § 1441(a); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (explaining that "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). This Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between...citizens of different states." 28 U.S.C. § 1332(a)(1). When removal is based on diversity jurisdiction, the federal statute requires:

> (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—

---

[2] The Court notes that the Petition filed in this case did not comport with Oklahoma's pleading code, which provides, in relevant part:
> Every pleading demanding relief for damages in money in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code shall, without demanding any specific amount of money, set forth only that the amount sought as damages is in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, except in actions sounding in contract. Every pleading demanding relief for damages in money in an amount that is required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code or less shall specify the amount of such damages sought to be recovered. Relief in the alternative or of several different types may be demanded.

Additionally, Okla. Stat. tit. 12 §2009(G). requires that "[i]n actions where exemplary or punitive damages are sought, the petition shall not state a dollar amount for damages sought to be recovered but shall state whether the amount of damages sought to be recovered is in excess or not in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code."

3

(A) the notice of removal may assert the amount in controversy if the initial pleading seeks— (i) nonmonetary relief; or (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
(B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446(c)(2). Where, as here, it is not apparent from the petition that the amount in controversy is met, the removing party must show contested factual assertions in the case that make it possible that at least $75,000 is at issue. *McPhail v. Deere & Co.*, 529 F.3d 947, 954-955 (2008). "A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal." *Id*. at 955-956. A defendant who has filed a notice of removal asserting diversity jurisdiction "is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake. If the amount is uncertain, then there is potential controversy, which is to say that at least $75,000 is in controversy in the case." *Id.* at 954. In addition to the allegations in the complaint, a variety of additional means are available to a defendant to meet this burden of proof. *Id*. at 954-956. Here, the notice of removal may assert the amount in controversy, because the initial pleading both seeks nonmonetary relief, rescission and an accounting, and furthermore, the Plaintiffs' pleading damages in excess of $10,000 does not limit their legal ability to recover to less than $75,000.00.

Furthermore, although Plaintiffs contend they seek less than $75,000, the Defendant presents evidence that contradicts their assertions. Defendant asserts, via declaration of Sandra Lyew, that it is the current servicer of the Loan which is held by

U.S. Bank, that Plaintiffs entered into a forbearance agreement in 2004, agreeing to submit payments of $750.40 each month from September 1, 2004 through August 1, 2005, in exchange for the then-servicing agent to forego foreclosure based on interest arrearage, and that but for approximately two periods totaling twelve months, that Plaintiffs have been making forbearance payments of not less than $700 per month since September 1, 2004. The exhibits include a copy of a 2004 Forbearance Agreement and a Payment Reconciliation History showing payments identified as "forbearance" for a period of many years. Finally, Defendant encloses a letter sent by Plaintiff's counsel to Defendant prior to the filing of the instant litigation. Therein, after making certain factual allegations, counsel stated:

> Since October 1997, Mr. and Mrs. Burris have made payments to Ocwen totaling approximately $172,152.48. Taking into account the application of principal, interest and escrow for the payment of property taxes, this amount is well in excess of the amount necessary to retire their obligation to Ocwen pursuant to the Reaffirmation Agreement. Given the statements in Ocwen's September 2nd, 2015 letter, Mr. and Mrs. Burris maintain serious concerns regarding the amounts which Ocwen claims remain due and owing on their loan. Therefore, Mr. and Mrs. Burris must insist that Ocwen, as the servicer of their loan, provided detailed documentation to establish the proper application of all payments under the parties' agreement. Further, this correspondence shall serve as a formal request to Ocwen for the provision of all documents associated with this loan, including, but not limited to, those documents which establish Ocwen's right to assess and collect an "interest arrearage" on the Burris' loan. Should Ocwen, upon review of this letter, the Burris' loan history and related documents determine that Mr. and Mrs. Burris have paid over and above what they owe pursuant to the parties' agreement we would request that those monies be refunded to Mr. and Mrs. Burris forthwith.

Doc. No. 9-4. Finally, a file notation from Defendant dated October 23, 2015, indicates "[t]he attorneys have now escalated the issue and are requesting that if

5

we are not updating the reaffirmation details we would have to refund all payments made since October 1997." Doc. No. 9-5.

The Payment Reconciliation History indicates that Plaintiffs have paid far in excess of $75,000 to the Defendant, most of which has been allocated as "forbearance payments." Plaintiff's claim for rescission would, as asserted in the Notice of Removal, render the agreement *void ab initio* and require refund of these amounts. Finally, Plaintiffs seek punitive damages with regard to their claims, which can be considered in assessing whether the amount in controversy requirement has been established. *See Burrell v. Burrell*, 229 F.3d 1162, 2000 WL 11113702, at *2 (10th Cir.2000) (unpublished opinion) ("[w]here both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount") (*citing Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943)). As a result of the above, the Court concludes that Defendant has met its burden of establishing the amount in controversy requirement is met, and accordingly, removal on this basis of diversity was proper.

Because the Court concludes that it has jurisdiction on the basis of diversity, it will not consider whether the Petition can be construed as stating a claim under the Real Estate Settlement Procedures Act, thus giving rise to federal question jurisdiction. For the reasons set forth herein, Plaintiffs' Motion to remand is hereby DENIED.

IT IS SO ORDERED this 6th day of May, 2016.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE